# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1031 | **DATE** | 10/18/2012 |
| **CASE TITLE** | *Baltimore v. Quinn-Mims* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion for costs [206-1] is granted in part. The defendant is awarded costs in the amount of $3,182.20.

■ [ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　On August 20, 2012, this Court entered summary judgment in favor of the defendant, who now seeks to recover costs in the amount of $6,112.77. For the reasons stated below, the motion for costs is granted in part. The defendant is awarded costs in the amount of $3,182.20.

　　"Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption that the prevailing party will be awarded costs, which the losing party can overcome only by making "an affirmative showing that [the] costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Because the defendant prevailed, she is entitled to costs under Rule 54(d)(1). Recoverable under Rule 54(d)(1) are:

　　(1) Fees of the clerk and marshal;

　　(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

　　(3) Fees and disbursements for printing and witnesses;

　　(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

　　(5) Docket fees under section 1923 of this title;

　　(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees,

expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks only costs associated with the taking of depositions. Under Northern District of Illinois Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." When the depositions at issue were filed, the copy rate established by the Judicial Conference for regular original deposition transcripts was $3.65 per page and $0.90 per page for the first copy of those transcripts. *See* http://www.ilnd.uscourts.gov/home/clerksoffice/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (last visited Oct. 3, 2012). The defendant claims the lesser of the invoice rate or the Judicial Conference rate.

Obeckyo Quinn-Mims. The defendant requested a copy of the deposition transcript of Obeckyo Quinn-Mims. At 202 pages, the defendant is entitled to recover $181.80 (202 pages x .90) for her deposition.

Meryl Paniak. The defendant also seeks payment for a copy of the deposition of Meryl Paniak. The Court, however, does not recall any mention of Meryl Paniak in the summary judgment brief. Because § 1920(2) requires a transcript to be "necessarily obtained for use in the case" for its cost to be recoverable, and the defendant has not identified how the transcript of Ms. Paniak was necessarily obtained for use in the case, all costs associated with Ms. Paniak's deposition are disallowed.

The defendant requested originals of the following transcripts: Kari Ann Young, Ozella McClendon, Gerald Blain, Roberta Vanorsby, Victor Baltimore (three sittings), and Princess Singleton (two sittings).

Kari Ann Young: The defendant seeks $3.55 per page for this transcript. The total cost for 147 pages is $521.85. The defendant also seeks a $180.00 court reporter attendance fee (3 hours at $60.00/hour). The Court may award court reporter attendance fees in its discretion. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("Even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). But the amount may not exceed the amount that would have been charged using the per page rate approved by the Judicial Conference. *Higbee v. Sentry Ins. Co.*, No. 97 C 1349, 2004 WL 1323633, at *2 (N.D. Ill. Jun. 11, 2004) (rates approved by the Judicial Conference cover all costs of transcript production) (citations omitted). Using the per page rate established by the Judicial Conference of $3.65 (which is $.10 more than the invoice rate), 147 pages would cost $536.55. Thus, the defendant may only receive $14.70 for the court reporter attendance fee ($536.55 - $521.85). The total amount awarded for Kari Ann Young's deposition is $536.55.

Ozella McClendon: The Court awards the fee for an original 54-page transcript of $191.70 (54 pages x. $3.55/page). The court reporter attendance fee sought of $120.00 (2 hours at $60.00/hour) is reduced to $5.40 ($197.10 (54 pages x $3.65)- 191.70). The total amount awarded for the deposition of Ozella McClendon is $197.10.

Gerald Blain: The defendant seeks $386.25 for an original of the transcript plus $120.00 (2 hours at $60.00/hour) as a court reporter attendance fee, plus $12.00 for a deposition handling cost. The Court, however, does not recall any mention of Gerald Blain in the summary judgment brief. Because § 1920(2) requires a transcript to be "necessarily obtained for use in the case" for its cost to be recoverable, and the defendant has not identified how the transcript of Mr. Blain was necessarily obtained for use in the case, all

| STATEMENT |
|---|

costs associated with Mr. Blain's deposition are disallowed.

    Roberta Vanorsby: The defendant is awarded $394.05 (111 pages x $3.55/page) for an original of the transcript. As for the court reporter attendance fee, the defendant is awarded $11.10 ($405.15 (111 pages at $3.65/page) - $394.05). The total amount awarded for Roberta Vanorsby's deposition is $405.15.

    Victor Baltimore: It appears that Mr. Baltimore was deposed three times and an original of each transcript was obtained by the defendant. The Court awards the defendant $1,377.40 (388 pages total at $3.55/page). The court reporter attendance fee is allowed in the amount of $38.80 ($1,416.20 (388 pages at 3.65/page) - $1,377.40). Thus, the total amount awarded for Mr. Baltimore's (and Princess Singleton's second) depositions is $1,416.20.

    Princess Singleton: Ms. Singleton was deposed twice. The costs associated with her second deposition were included in the court reporter's invoice for the third Victor Baltimore deposition. Thus, any costs associated with her second deposition have been resolved in the discussion above regarding Victor Baltimore. As for the first deposition, the defendant ordered an original at a cost of $610.60 (172 pages at $3.55/page) and is awarded that amount. The defendant also seeks a court reporter attendance fee of $300.00 (5 hours at $60.00/hour). The defendant is awarded a court reporter attendance fee of $17.20 ($627.80 (172 pages x. 3.65) - $610.60). The total amount awarded for Princess Singleton's first deposition is $627.20.

    No deposition handling costs are awarded as the defendant fails to cite any authority for the those costs over and above the costs of obtaining the transcript.

    The total costs awarded to the defendant are $3,182.20.